AO 472 (Rev. 3/86) Order of Detention Pending Trial
==========================================================================

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Crim. No. 07-40-P-H** |
| ) | |
| **SEAN CROTO,** ) | |
|        **Defendant** ) | |

**ORDER OF DETENTION PENDING TRIAL**

      In accordance with the Bail Reform Act, 18 U.S.C., Section 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

[ ]    (1)    The defendant is charged with an offense described in 18 U.S.C. Section 3142(f)(1) and has been convicted of a (federal offense)(state of local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

         [ ] a crime of violence as defined in 18 U.S.C. Section 3156(a)(4).
         [ ] an offense for which the maximum sentence is life imprisonment or death.
         [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
         [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. Section 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]    (2)    The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]    (3)    A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

[ ]    (4)    Findings Nos. (1)(2) and (3) establish a rebuttable presumption that no condition or combination or combinations of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternate Findings (A)

[ ]   (1)   There is probable cause to believe that the defendant has committed an offense
   [ ]   for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
   [ ]   under 18 U.S.C. Section 924(c).
[ ]   (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternate Findings (B)

[ ]   (1)   There is a serious risk that the defendant will not appear.
[X]   (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II - Written Statement of Reasons for Detention

The defendant has been charged by indictment with being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). Three felony convictions are alleged in the indictment. One of them (aggravated assault) is a "crime of violence," as defined in 18 U.S.C. § 3156(a)(4), and a "violent felony" within the meaning of 18 U.S.C. § 924(e). The other two are drug trafficking offenses. The government seeks the detention of the defendant as a danger to the community.[1]

The evidence against the defendant is strong. A warranted search of his residence disclosed the presence of the shotgun, rifle and pistol described more particularly in the indictment. Two of the weapons were found in his bedroom; the other was located in the bedroom of Herb Cate, a friend in whose apartment the defendant resides. Although the defendant denied to the searching authorities that the weapons were his, Cate has made clear to law enforcement that all of the weapons belong to the defendant. He further explained that the defendant asked him to put the weapons in his name because the defendant is not legally permitted to have them.

The defendant is 38 years old and has lived with his now 19 year-old son in two different Cate residences, both in Biddeford, Maine, for the last 14 months. Prior to that he was homeless for a time, having lost his house in Brunswick to foreclosure. He was awarded custody of Sean Croto, Jr. three years ago. According to the Maine Department of Health & Human Services ("DHHS"), the defendant was homeless during other periods as well, living at one point in a camper on his mother's property.

The defendant has been unemployed since May 2006 when, according to him, he left his carpenter job because he injured his back. Up to that time he had worked for 19 years for various employers as a carpenter. According to DHHS, the defendant's employment has been sporadic and he has always had a reason for not being employed. Cate currently pays all of the defendant's

---

[1] Although the government originally took the position that the defendant also poses a risk of non-appearance, *see* Motion For Detention (Docket No. 8), at the conclusion of the detention hearing its counsel conceded, consistent with the position taken by pretrial services, that this risk is not serious. I will therefore confine my attention to the issue of community dangerousness.

2

living expenses at their current residence. The defendant is significantly in debt. Among other things, he is in arrears in child support in an amount just shy of $43,000.

In addition to the firearms noted in the indictment, the search of the defendant's residence revealed the presence of several other weapons, including samurai swords, knives, a crossbow and a mace. Also found were marijuana, drug paraphernalia and six rounds of ammunition.

The defendant acknowledges that he smokes ¼ to ½ ounce of marijuana daily, most recently on the day of his arrest on related state charges. He has been using marijuana since he was very young. He also acknowledges that he has had substance abuse counseling but describes it as ineffective, claiming that he was provided information he already knew. The defendant has been convicted in the past of aggravated and attempted trafficking in scheduled drugs.

Of particular concern is the apparent fact that the defendant is almost constantly surrounded by a large number of teenagers and young adults at his home to whom he is furnishing marijuana and other drugs and whom he permits to engage in underage drinking.[2] At the time of the search of his residence, the authorities counted some 13 people present there, including several young people between the ages of 16 and 25.[3] Two individuals who know the defendant well and have had access to the residence have reported that the defendant regularly complains about governmental authority and that he has been planning to use Molotov cocktails and guns to "shoot up" Biddeford City Hall and kidnap the mayor Biddeford. He has enlisted several of the young people who surround him in a gang called "The Council" which is apparently related to his plan of anarchy. According to the informants, the purpose of The Council is to help the defendant carry out his plans for anarchy and to distribute marijuana. During the search, a roster of The Council membership was found containing the signatures of several youth.[4] Both informants have reported that they have since been accosted by members of The Council and accused of being rats.

That the defendant is capable of planning and executing acts of violence is demonstrated by an incident that occurred in 1993 which resulted in the defendant's conviction for aggravated assault. There, the defendant actively participated in a plan to lure an individual to someone's apartment so that the defendant could attack him physically in order to satisfy a grudge of his then girlfriend. When this person took the bait and arrived at the apartment, the defendant repeatedly struck him with a metal baseball bat and inflicted serious injuries requiring medical attention.

The defendant proposes that he be released on conditions that include home confinement, electronic monitoring and a no-contact provision prohibiting any contact with any of his young associates. None of these conditions, alone or in combination, will prevent the defendant from continuing to engage in the kind of reported activities that include illegal drug use and drug trafficking and that otherwise put youth in the Biddeford community at risk. Nor will they prevent him from engaging in the kind of violence implicit in the plan of anarchy he has been espousing.

---

[2] There is currently pending a state charge of aggravated furnishing of scheduled drugs, brought in February of this year. Whether the defendant is selling drugs to these teens and young adults or simply furnishing them without charge is not clear.

[3] Also residing at the Cate residence is a 20 year-old associate of the defendant who the authorities consider to be dangerous.

[4] The signature of the defendant's son, Sean Croto, Jr., appears on that roster.

3

Clearly, pretrial services cannot be a constant presence at the defendant's residence to monitor his compliance with conditions of release. It is also evident that there is no suitable candidate to serve as a third-party custodian to provide that level of reliable compliance monitoring.

On the basis of the foregoing, I find, by clear and convincing evidence, that the defendant poses a serious risk of danger to the safety of the community if released and that there are no conditions of release that will reasonably assure community safety. I therefore ***ORDER*** that the defendant be detained pending trial.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend possible, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: May 18, 2007.

/s/ David M. Cohen
David M. Cohen
U.S. Magistrate Judge