# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 2:07-cr-40-DBH |
| | ) | |
| SEAN CROTO, | ) | |
| | ) | |
| Defendant | ) | |

## ORDER ON DEFENDANT'S REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE

On May 31, 2016, I denied the defendant's motion to permit the use of medical marijuana or to terminate supervised release early, stating that if he "continues to do well on supervised release, he can renew his request for early termination after he has served at least 60% of his term successfully, and I will consider it anew then." On September 16, 2016, he filed a new request for early termination (ECF No. 84), and the government objected (ECF No. 85). The government expressed two major concerns: deterrence of this defendant from further criminal conduct such as had led to his conviction in the first place, and protecting the public. As Fed. R. Crim. P. 32.1(c) requires, I conducted a hearing on January 4, 2017. Counsel was appointed to represent the defendant and the defendant himself spoke at the hearing. He was forthright and sincere in his description of finding a new path in his life. According to the Probation Office, the defendant discontinued his use of medical marijuana after my May 31, 2016, Order and has been in full compliance with the conditions of supervised release.

Title 18, United States Code, Section 3583(e) provides that the court may terminate supervised release and discharge the defendant after the expiration of one year of supervised release (long since elapsed for this defendant) as long as it first considers the applicable portions of section 3553(a). As of January 6, 2017, this defendant will have served two-thirds of his term of supervised release.

I have considered the statutory factors that apply here: the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1); adequate deterrence, § 3553(a)(2)B); protecting the public from further crimes by this defendant, § 3553(a)(2)(C); the sentencing Guidelines, § 3553(a)(4); Commission policy statements, § 3553(a)(5); and avoiding unwarranted sentencing disparities § 3553(a)(6).[1] At the hearing, the government stated that with the passage of time and evidence of the defendant's progress, it was satisfied that the process has accomplished its purpose. I too agree that the goals of deterrence and protecting the public have been achieved. The defendant's request for early termination is now **GRANTED**. I congratulate Mr. Croto on the significant progress he has made both personally and occupationally, and I encourage him to continue on his new path.

**SO ORDERED.**

**DATED THIS 5TH DAY OF JANUARY, 2017**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] The subsections having to do with educational or vocational training, medical care, and correctional treatment and restitution are inapplicable. See 18 U.S.C. § 3553(a)(2)(D) & (a)(7).